UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61010-CIV-SMITH

CHANEL, INC.,

       Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

       Defendants.
_____/

**ORDER GRANTING MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff, Chanel, Inc.'s ("Plaintiff") Motion for Entry of Preliminary Injunction [DE 6] filed under 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority. Plaintiff asks the Court to enter a preliminary injunction against Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" hereto. The Court convened a hearing on June 26, 2023, at which only counsel for Plaintiff was present and available to present evidence supporting the Motion. As discussed below, Plaintiff has satisfied the requirements for issuance of a preliminary injunction.

**I.     BACKGROUND**

The following factual background is taken from Plaintiff's Amended Complaint [DE 15], the Motion, and supporting evidentiary submissions and exhibits.

Plaintiff is the owner of the following trademarks (the "Chanel Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office (USPTO):

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 - Women's Handbags |
| CC (logo) | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| CC (logo) | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| RUE CAMBON | 2,964,843 | July 5, 2005 | IC 018 - Handbags |
| (logo) | 5,912,273 | November 19, 2019 | IC 018 - Handbags |

(*See* Han Decl. [DE 6-1] ¶ 4; *see also* USPTO Registration [DE 15-1].) The Chanel Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. (*See* Han Decl. ¶¶ 4–5.)

Plaintiff alleges that Defendants, by operating Internet based e-commerce stores under the seller names identified on Schedule "A" hereto (the "E-commerce Store Names"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks. (*See* Han Decl. ¶¶ 9, 11–14; Gaffigan Decl. [DE 6-2] ¶¶ 2–3; Burns Decl. [DE 6-3] ¶ 4.)

Although each Defendant may not copy and infringe each Chanel Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of the Chanel Marks. (*See* Han Decl. ¶¶ 4, 11–14.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Chanel Marks. (*See id.* ¶¶ 9, 13–14.)

Plaintiff's counsel retained Invisible Inc, a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiff's branded products by Defendants and to determine the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiff's branded products. (*See* Han Decl. ¶ 10; Gaffigan Decl. ¶ 2; Burns Decl. ¶ 3.) Invisible Inc accessed the e-commerce stores operating under each of Defendants' E-commerce Store Names, placed orders from each Defendant for the purchase of various products, all bearing and/or using counterfeits of, at least, one or more of the Chanel Marks, and requested each product be shipped to the Southern District of Florida. (*See* Burns Decl. ¶ 4 and Comp. Ex. 1 thereto.) Each order was processed entirely online and following the submission of the orders, Invisible Inc received information for finalizing payment[1] for each of the various products ordered via Defendants' respective PayPal, Inc. ("PayPal") accounts[2] which are identified on Schedule "A" hereto.[3] (*See* Burns Decl. ¶¶ 4–5.) At the conclusion of the process, the detailed web pages and images reflecting Plaintiff's branded products ordered via Defendants'

---

[1] Invisible Inc did not transmit the funds to finalize the sale for many of the orders so as to avoid funding Defendants' coffers. (*See* Burns Decl. ¶ 4, n.1; Gaffigan Decl. ¶ 2, n.1.)

[2] Defendants use money transfer and retention services with PayPal as a method to receive monies generated through the sale of counterfeit products. (*See* Burns Decl. ¶ 4, n.2; Gaffigan Decl. ¶ 5.) Following the submission of some of the orders from Defendants, Invisible Inc obtained PayPal payees and corresponding PayPal Merchant Identification Numbers, instead of PayPal financial accounts in the form of e-mail addresses. (*See* Burns Decl. at n.2.)

[3] Some Defendants provided additional contact information in connection with their respective E-commerce Store Names; accordingly, all forms of electronic contact provided by Defendants are included in Schedule "A" hereto. (*See* Burns Decl. ¶ 4, n.3; Gaffigan Decl. ¶ 3, n.2.)

3

E-commerce Store Names were sent to Plaintiff's representative for inspection. (*See* Burns Decl. ¶ 4; Gaffigan Decl. ¶ 2; Han Decl. ¶¶ 11–13.) Plaintiff's representative reviewed and visually inspected the detailed web page captures and images reflecting Plaintiff's branded products identified and captured by Invisible Inc, and determined the products were non-genuine, unauthorized versions of Plaintiff's goods. (*See* Han Decl. ¶¶ 12–14.)

On May 30, 2023, Plaintiff filed its Complaint [DE 1], and thereafter its Amended Complaint on June 15, 2023 [DE 15] against Defendants for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, common law unfair competition, and common law trademark infringement. On May 31, 2023, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 6]. On June 12, 2023, this Court entered a Sealed Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO") and temporarily restrained Defendants from infringing the Chanel Marks at issue and restrained funds in the payment accounts associated with the Defendants. Pursuant to the Court's June 12, 2023 TRO, Plaintiff properly served Defendants with a copy of the Complaint, the Court's June 12, 2023 TRO, and other filings in this matter. On June 26, 2023, the Court conducted a hearing on Plaintiff's Motion, at which only counsel for Plaintiff was in attendance.

## II.   LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*,

4

51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.  DISCUSSION

Based on the declarations submitted in support of Plaintiff's Motion, the Court concludes that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the Chanel Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Chanel Marks. The infringement of the Chanel Marks will likely cause Plaintiff to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1. Defendants own or control commercial Internet based e-commerce stores operating under their e-commerce store names which advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiff's rights; and

2. There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

The potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit and infringing goods as Plaintiff's genuine goods. Further, under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of the Chanel Marks. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, it is hereby,

**ORDERED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiff's Motion for Preliminary Injunction [DE 6] is **GRANTED** according to the terms set forth below:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

> a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the Chanel Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the Chanel Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Chanel Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

  (2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the E-commerce Store Names;

  (3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to e-commerce stores registered, owned, or operated by any Defendant, including the e-commerce stores operating under the E-commerce Store Names;

  (4) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names and shall take all steps necessary to retrieve computer files relating to the use of the E-commerce Store Names that may have been deleted

7

before the entry of this Order;

(5) Upon Plaintiff's request, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiff, to the extent not already done, the true identities and contact information of those registrants;

(6) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"), and their related companies and affiliates shall immediately, to the extent not already done, (i) identify all financial accounts and/or sub-accounts, associated with the e-commerce stores operating under the E-commerce Store Names, the payment accounts, payees, merchant identification numbers, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) divert those restrained funds to a holding account for the trust of the Court;

(7) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into

the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal, and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court;

(8)     Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(9)     This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and financial accounts, and any other e-commerce store names, e-commerce stores, or financial accounts which are being used by Defendants for the purpose of counterfeiting the Chanel Marks and/or unfairly competing with the Plaintiff;

(10)    As a matter of law, this Order shall no longer apply to any Defendant or associated E-commerce Store Name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction;

(11)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(12)    Additionally, for the purpose of providing additional notice of this proceeding and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the e-commerce stores, and/or financial institutions, payment processors, banks, escrow

services, and money transmitters, and marketplace platforms, including but not limited to, PayPal, and their related companies and affiliates, shall, to the extent not already done, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective E-commerce Store Names;

(13)    This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of June, 2023.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, E-COMMERCE STORE NAME,
## PAYPAL ACCOUNT INFORMATION, AND ADDITIONAL MEANS OF CONTACT

| Def. No. | Defendant / E-commerce Store Name | PayPal Payee | Merchant ID | PayPal Account | Additional Means of Contact |
|---|---|---|---|---|---|
| 1 | chanellike.com | Reynolds Category Store<br>Ethan Kenrick Special Store<br>Lesley Laycock<br>Chloe Abbate Store<br>Angeline Lemant Special Store<br>James Johnson Special Store<br>Modesto Special Store<br>Veronique Petro Fashion Store<br>Jamie Burch<br>Thuret Notion Store<br>Sylvie Speciality Store<br>Mary Speciality Store<br>Andrew Knowles Fashion Store<br>Walton Special Store<br>Christian Strohmeyer Category Store<br>Buttler<br>Sylwia Lubian Notion Store<br>Mark Fisher<br>Pearce Notion Store<br>Daniel Moore Store<br>Cadette Super Store<br>Stacy Variety Store<br>Susan Winter Speciality Store | ZTYX9R5FH6UZU<br>CVBV8H48F4JLU<br>T8R4922FEYWXC<br>D22KXSNUNYEEQ<br>QD5EUUREN3XQS<br>JKWRPMP93GGAY<br>NR9VBYH9TEVZ6<br>JSPM7K225QS4W<br>LTECGU73QSVE6<br>WUPAEJQ757RM8<br>YRKHHSEYBFV7Q<br>8ZDQGBCHCM56Y<br>S4UKCSLTRX2ZQ<br>JJB3EXQ9SHTZY<br>R4WPF38W2L76N<br>DVDTDAGKG4SRC<br>QXB5FG3TJ7B82<br>Y8FZE8HCQYS46<br>CRQJK52CZSBTN<br>HFEURA38V4LW4<br>4T55FFEP5W86C<br>ETEFD689J3E24<br>FJJBRJZJBXZQL | SamuelReynolds6748@outlook.com | hello@cococl.com |
| 2 | chanccoco.com | Stepien Speciality Store<br>Warwick Grocery Store<br>Thuret Notion Store<br>Stevens Super Discount Store<br>Donna Sturmey Special Store<br>Carline Variety Store<br>Reynolds Category Store<br>Kate Stanley Speciality Store<br>Rachel Walker Variety Store<br>Cadette Super Store<br>Abdelkarim Category Store<br>Susan Special Store<br>Thierry Termeau Speciality Store<br>JIAJIA ELECTRONIC COMMERCE CO LIMITED<br>Christian Strohmeyer Category Store<br>Joshua Williams Special Store<br>Michael Pasquier Special Store<br>Reading Notion Store<br>Campbell Category Store | FFKZAZWNEDZPY<br>L5VJPVXTQZ5RN<br>WUPAEJQ757RM8<br>MV8BQB2J3N5AJ<br>DJ8KL9MCKRDKS<br>BJ6UEBGRUCMH4<br>ZTYX9R5FH6UZU<br>DJXQCZVFW27BG<br>7G2M72JG6WDP2<br>4T55FFEP5W86C<br>MD7G9UEU2Z7WN<br>4HSNLZLKW6H4S<br>7U8BPEXD2NCA8<br>4E9HCEXXYHELW<br>R4WPF38W2L76N<br>RKVYAR2JJ8UK8<br>XBBBS2A4P2B2U<br>B9B4R8Z27Q994<br>8VF3MXY4A6W86<br>JSPM7K225QS4W | PiotrStepien9642@hotmail.com | hello@befanatics.com |

| | | | | | |
|---|---|---|---|---|---|
| | | Veronique Petro Fashion Store<br>Warren Berrahi<br>Walton Special Store<br>Garrington Category Store<br>James Johnson Special Store<br>Williamson Special Store | 6CYPMZN7RC4Z8<br>JJB3EXQ9SHTZY<br>KUPY8VD9F7J6A<br>JKWRPMP93GGAY<br>X48W7A46ND29S | | |
| 3 | chanclo.com | Nikhil Patel Category Store<br>Tara Mccarron Category Store<br>Ethan Kenrick Special Store<br>Ian Rae Category Store<br>Xavier Special Store<br>Grospiron Fashion Store<br>Sylwia Lubian Notion Store<br>Rigaud Fashion Store<br>James Johnson Special Store<br>Vincent Variety Store<br>Antoine Giraud Notion Store<br>Walton Special Store<br>Ludovic Verbrugghe Store<br>Arthur Speciality Store<br>Campbell Category Store<br>Peter Fashion Store<br>Hall Category Store<br>JIAJIA ELECTRONIC COMMERCE CO LIMITED<br>Modesto Special Store<br>Steven Giblin<br>Mead Variety Store | D9D36ZLXSAFMW<br>C7K84PAQ9BEXG<br>CVBV8H48F4JLU<br>BF9V54L2RULTN<br>RS5RHAV2QWJ4S<br>KMZN982AU3H8U<br>QXB5FG3TJ7B82<br>XTLMMFGT6TXAS<br>JKWRPMP93GGAY<br>GU3BW3ZE3TW4J<br>LVWL9ZQ9QAAV2<br>JJB3EXQ9SHTZY<br>SGFSC4Q3YFPVY<br>JB4H63DQ87BRG<br>8VF3MXY4A6W86<br>TCM82EHTD5X2J<br>53MWMWJMJ8EUN<br>4E9HCEXXYHELW<br>NR9VBYH9TEVZ6<br>3TW8ZZ9ERUHME<br>ABJRUAQV57PB8 | NikhilPatel3221@outlook.com | hello@chanclo.com<br>hello@cococl.com |
| 4 | cococl.com | Marcelle Frontin Speciality Store<br>Arthur Speciality Store<br>Maurice Fashion Store<br>Arcediano Variety Store<br>Campbell Category Store<br>Francois Desnoyers Special Store<br>Mark Fisher<br>Alexandre Muller Notion Store<br>Domenger Category Store<br>Brayne<br>Ludovic Verbrugghe Store<br>James Johnson Special Store<br>Morgane Variety Store<br>Sylwia Lubian Notion Store<br>Abbate<br>Walton Special Store<br>Jane Pestell Notion Store | UD5HXGA5L4GQC<br>JB4H63DQ87BRG<br>XRXPM4W6B9HS4<br>JFJQMT7UZYH8G<br>8VF3MXY4A6W86<br>FXZHPDNDXS8XE<br>Y8FZE8HCQYS46<br>4CFJEUW8WUME6<br>P8DSY3FBCR3QE<br>SCP65FMHR8JS8<br>SGFSC4Q3YFPVY<br>JKWRPMP93GGAY<br>K8P8FC4TBA8SW<br>QXB5FG3TJ7B82<br>NXBQTDCVYVMHG<br>JJB3EXQ9SHTZY<br>Y5YMZ8RNTBKHE | MarcelleFrontin4864@outlook.com | hello@chanclo.com<br>hello@cococl.com |
| 5 | foreswatch.com | Gael Savidan Notion Store<br>Samuel Ingamells Variety Store<br>Sabrina Flew Variety Store<br>Brigitte Richard Variety Store<br>Mark Asbury Variety Store<br>Mary Dawes Category Store | 9QQWGQQ25JH88<br>59VKHBJ4RXHVA<br>ETQEC7W5YWZ3G<br>SJR58JQAFEN7E<br>5DVJ6CHUA7CSJ<br>GKTGPJVGB6USS | GaelSavidan3021@outlook.com | hello@chandeco.com<br>hello@foreswatch.com |

| | | | | | |
|---|---|---|---|---|---|
| | | Hayley-jo Parker Notion Store<br>Meredith Hughes Variety Store<br>Glenda Barlow Category Store<br>Roger Jones<br>Michael Pollard Special Store<br>Wayne Goode Variety Store<br>Amandine Valissant Fashion Store<br>Didier Thomas Special Store<br>Berteloot Special Store | 4AE3J27AUR6AE<br>VBKC45JDQ8G74<br>N98NVBTQJNUGA<br>W63T47DJL5NF6<br>42H5JTBDPYLWA<br>LFBTXHVGMF2UY<br>UVJD4XV356QZ8<br>GJ9B6A5ZN9CT4<br>AYC4LBMXWVT7U | | |
| 6 | insunglass.com | Christian Strohmeyer Category Store<br>Pearce Notion Store<br>Emilien Frerot Variety Store<br>Daniel Moore Store<br>Jane Pestell Notion Store<br>Cooper Category Store<br>Algrieri Super Store<br>Alexandre Muller Notion Store<br>James Johnson Special Store<br>Maurice Fashion Store<br>Steven Giblin<br>Rigaud Fashion Store | R4WPF38W2L76N<br>CRQJK52CZSBTN<br>TZUJBQL9TB9YW<br>HFEURA38V4LW4<br>Y5YMZ8RNTBKHE<br>MFXAHUKUVBM2L<br>LWLTH978HJEFQ<br>4CFJEUW8WUME6<br>JKWRPMP93GGAY<br>XRXPM4W6B9HS4<br>3TW8ZZ9ERUHME<br>XTLMMFGT6TXAS | ChristianStrohmey<br>er9685@hotmail.c<br>om | hello@insunglass.<br>com |
| 7 | owingwatch.com | Roger Jones<br>Ian Rae Category Store<br>Sulubika Super Store<br>Kennedy Special Store<br>Zillah Wyma Category Store<br>Veronique Petro Fashion Store<br>Jamie Burch<br>Stuart Ward Special Store<br>Muyimbwa Special Store<br>Jane Pestell Notion Store | W63T47DJL5NF6<br>BF9V54L2RULTN<br>HC2N8ZZ9KEYQQ<br>JZ5V9YGQ9KXFL<br>AUJCM528BAUVY<br>JSPM7K225QS4W<br>LTECGU73QSVE6<br>HWW7J6PPM725Q<br>HL5J4UMGYHGUE<br>Y5YMZ8RNTBKHE | JonesRoger346@o<br>utlook.com | hello@owingwatc<br>h.com |

13